UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NETWORKS USA X, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CV-63 |
| ) | (JORDAN/GUYTON) |
| NATIONWIDE MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 58] of the Honorable R. Leon Jordan, Senior United States District Judge, for disposition of the defendant's Motion to Compel Responses or to Dismiss Pursuant to Fed. R. Civ. P. 37(d). [Doc. 57] On May 2, 2008, the parties appeared before the Court for a hearing on the instant motion. Attorney Thomas Leveille appeared on behalf of the plaintiff, and attorney Erica Greene appeared on behalf of the defendant. After the hearing, the Court took the matter under advisement and it is now ripe for adjudication.

The defendant moves the Court to compel the plaintiff to produce all responses to outstanding discovery requests, or, in the alternative, to dismiss the plaintiff's complaint for a violation of Rule 37(d) of the Federal Rules of Civil Procedure. The plaintiff opposes the dismissal of this action, contending that any delays in responding to the defendant's discovery requests are not the result of bad faith, but instead the result of confusion and mis-communication. Additionally, the plaintiff contends that much of the discovery at issue has been produced, and that of the few

remaining items, the plaintiff is working to produce them. Specifically, the plaintiff contends that the only discovery items still at issue are a lease, which will be produced once a protective order is entered, and a collection of bank statements, which the plaintiff is attempting to locate.

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> The court where the action is pending may, on motion, order sanctions if: . . . (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response. . . . Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d). Defendant propounded its first set of interrogatories on plaintiff on April 30, 2007. Defendant made multiple efforts to obtain the outstanding discovery, culminating in the filing of the instant motion on March 13, 2008. However, prior to filing the instant motion, defendant did not seek the aid of the Court in obtaining the outstanding discovery.

In interpreting Rule 37(d), the Sixth Circuit has held that:

> We review a district court's decision to dismiss pursuant to Rules 37 and 41 for abuse of discretion. Beil v. Lakewood Engineering and Manufacturing Company, 15 F.3d 546 (6th Cir. 1994); Little v. Yeutter, 984 F.2d 160 (6th Cir. 1993). Despite these facts and this deferential standard, we are also bound by our previous holding that a decision to dismiss is warranted "only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." Beil, 15 F.3d at 552.

Grandberry v. Baptist Memorial Hosp., No. 94-6083, 1995 U.S. App. LEXIS 35558, at * 3-4 (6th Cir. Nov. 9, 1995). The Sixth Circuit has further held that:

> A district court may dismiss a case under Fed. R. Civ. P. 37 only in extreme situations that depict a clear record of delay or contumacious conduct by the sanctioned party. See Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam). The power to order such a dismissal is not unlimited. See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 209, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958). In determining whether a district court abused its discretion, reviewing courts have considered various factors, including: 1) whether the sanctioned party was unable to comply with the discovery order; 2) whether the sanctioned party's failure to cooperate in discovery amounts to willfulness, bad faith, or fault; 3) whether the adversary was prejudiced by the sanctioned party's failure to cooperate in discovery; 4) whether the sanctioned party was warned that noncompliance could lead to dismissal; and 5) whether less drastic sanctions were imposed or considered. See Beil v. Lakewood Eng'g & Mfg., Co., 15 F.3d 546, 552 (6th Cir. 1994); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990). The dismissal sanction should be used as a last resort after the court considers the feasibility of a lesser sanction. Beil, 15 F.3d at 552.

Foster v. City of Cleveland Heights, No. 93-4356, 1994 U.S. App. LEXIS 21896, at *3-4 (6th Cir. Aug. 12, 1994). The Court notes that, in both of these cases, the Sixth Circuit addressed whether dismissal was appropriate for failure to cooperate in discovery pursuant to Rule 37(d), and in both cases the Sixth Circuit reversed, finding the lower courts had erred in dismissing the cases. Thus, despite the defendant's argument to the contrary, the Court must consider, among other things, whether the delay was a result of bad faith and whether there was a warning that noncompliance could lead to dismissal.

After considering the arguments of counsel and the filings in this matter, the Court does not find that the plaintiff's delay in producing the documents was the result of bad faith or willfulness. However, the Court does find that the plaintiff does bear some responsibility for its failure to produce documents, though the Court also finds that there was some confusion on the part of the plaintiff as to what discovery was stayed, and that the confusion exacerbated, but was not the sole

3

cause of, the discovery delay at issue. The Court also finds that no effort was made by the defendant to seek the aid of the Court prior to the instant motion, and thus there was no formal warning that the plaintiff might suffer the sanction of dismissal for its failure to respond to the discovery request. The Court further finds that, based upon the facts and circumstances of this case, the imposition of the sanction of dismissal is inappropriate.

In so finding, the Court does not excuse the plaintiff's approximate one year delay in responding to the defendant's discovery request, nor does the Court in any way condone such behavior. The Court expects the parties before it to abide by the Federal Rules of Civil Procedure and the Orders of this Court, and a party fails to do so at its own peril. Thus, while the Court finds that the sanction of dismissal is inappropriate in this matter, given the needless costs incurred by the defendant in obtaining the discovery at issue, the Court does find that a monetary sanction is appropriate in this matter. At the hearing, counsel for the defendant estimated an expense of $4,200.00 for legal fees and costs incurred by the defendant on this discovery matter. Under all of the circumstances presented, the Court finds that, pursuant to Fed. R. Civ. P. 37(d), a sanction of $2,100.00 payable by the plaintiff to the defendant is appropriate, and the Court hereby **ORDERS** the same, to compensate the defendant in attempting to collect the outstanding discovery and to otherwise remedy the plaintiff's failure to comply with the discovery process.

Accordingly, the defendant's motion [Doc. 57] is **GRANTED** to the extent that the plaintiff will be sanctioned $2,100.00 for its failure to comply with the discovery process. Additionally, the parties are **DIRECTED** to submit a protective order to the Court within ten (10) days of the entry of this Order. The plaintiff is **DIRECTED** to produce the lease at issue within ten (10) days of the entry of the protective order. The plaintiff is further **DIRECTED** to produce either the bank

statements at issue, or a report detailing why the bank statements cannot be produced, within twenty (20) days of the entry of this Order. The plaintiff is hereby placed on notice that any further failure to comply with the discovery process could result in the imposition of further sanctions, up to and including the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge